**J. Guadalupe ESCOBAR–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74654.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

J. Guadalupe Escobar–Lopez, San Jose, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

J. Guadalupe Escobar–Lopez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") order denying his application for cancellation of removal. To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo due process challenges, *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Escobar failed to establish exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1252(a)(2)(B); *Martinez–Rosas*, 424 F.3d at 930.

Escobar's due process claim fails because the IJ properly considered the hard-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

ship evidence presented. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir.2000) (petitioner must show error to prevail on due process claim).

To the extent Escobar contends the IJ made an adverse credibility finding that was unsupported by substantial evidence, we lack jurisdiction over this contention because Escobar did not raise this claim to the BIA, and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004) (explaining that exhaustion is jurisdictional).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**